SCOTT, SHERIFF, ETC., *v.* HOSSLEY.[*]

(Division A.   April 12, 1926.)

[107 So. 760.   No. 25633.]

1. LICENSES. *In view of legislative history, suit to collect privilege tax on slot machines for year 1924 cannot be maintained (Code 1906, section 3786 [Hemingway's Code, section 6486]; Laws 1914, chapter 110; Laws 1920, chapter 104, sections 7, 64; Laws 1922, chapter 239, sections 1-3; Laws 1924, chapters, 120, 339).*

In view of legislative history (Code 1906, section 3786 [Heming-
way's Code, section 6486], Laws 1914,* chapter 110, Laws 1920,
chapter 104, sections 7, 64, Laws 1922, chapter 239, sections 1-3,
Laws 1924, chapters 120, 339), suit to recover privilege tax on
slot machines for the year 1924 cannot be maintained, since
Code 1906, section 3786, originally imposing privilege tax on·
gaming devices, and which although amended had retained its
identity, was expressly repealed by Laws 1922, chapter 239,
though Laws 1924, chapter 120, amended the law so as to in-
crease privilege tax on such machines.

2. STATUTES. *Intention of legislature to impose tax on business made
   unlawful by another statute will not be imputed, unless language
   clearly requires such construction.*

   Though legislature has power to impose a tax on business made un·
   lawful by another statute, the intention so to do will not be im
   puted to it unless language of the statute clearly requires such
   constrution,

---

*Corpus Juris-Cyc. References: Licenses, 37 C. J., p. 213, n. 61; p. 214,
n. 72. Statutes, 36 Cyc., p. 1189, n. 76.

APPEAL from circuit court of Warren county.
HON. E. L. BRIEN, Judge.

Suit by F. A. Scott, sheriff and tax collector of War-
ren county, against H. H. Hossley. From a judgment
sustaining the demurrer to the declaration and dismissing
the suit, plaintiff appeals. Affirmed.

*A. A. Chaney*, for appellant.

The appellant, the tax collector, filed suit in the cir-
cuit court against Harry H. Hossley, the appellee, for
five hundred dollars, that being the amount due, together
with damages, for operating a slot machine without first
obtaining a privilege license as required by law.

The trial court sustained a demurrer to the declara-
tion. The trial court was manifestly in error. Under
the provisions of section 6634, Hemingway's Code, the
sheriff may proceed by suit, in collecting the taxes, or
by distraining the property.

The next question is: What is the privilege license
on slot machines? See section 7, chapter 104, Laws of

1920. This section, fixing the license at two hundred and fifty dollars, has never been repealed. However, section 64, of the same chapter, was amended by chapter 120, Laws of 1924, the amendment having reference only to automatic weighing machines, gum slot machines, stamp machines, coin slot machines, and vending machines. No reference was made to section 7, Laws of 1920, however, which provided that the two hundred and fifty dollars "shall be in addition to any and all other privilege license." Therefore, the privilege license, as fixed by section 7, chapter 104, Laws of 1920, is still in force and effect.

The next question that mey be argued is whether or not the legislature has the power to fix a privilege license on an illegal business. See *Tax Collector* v. *Rombach,* 112 Miss. 737, which settles this question in the affirmative.

*Brunini & Hirsch,* for appellee.

Boiled down, the demurrer, which was sustained, sets up "no cause of action." Appellant undertakes to maintain his action on section 7, chapter 104, Laws of 1920, which, however, was expressly repealed by section 1, chapter 239, Laws of 1922.

For the history of the legislation on the subject, see in order: Section 3786, Code of 1906; chapter 110, Laws of 1914. Note the language of the latter. No distinction is made between the slot machine "proper" and the slot "vending" machine. That was not in the mind of the legislature at the time of the imposition of a license on the "slot machine," as distinguished from the "slot *vending* machine." See section 7, chapter 104, Laws of 1920. Note that here we have the full recognition of the slot machine in the general sense. Now see section 64, chapter 104, Laws of 1920, amending section 1, chapter 110, Laws of 1914, on vending machines, including "slot vending machines." With the last two acts, appellee now offers chapter 239, page 324, Laws of 1922,

an act repealing section 3786, Code of 1906 (section 6486, Hemingway's Supplement) so as to prohibit the operation of cane racks, knife racks, artful dodgers, punch boards, roll downs, merchandise wheels, slot machines, and prescribing penalties.

Appellant contends that section 7, chapter 104, Laws of 1920, has never been repealed. It is true that chapter 239, Laws of 1922, does not specifically mention section 7, chapter 104, Laws of 1920; but, as section 7, amends section 3786, Code of 1906, then section 1, chapter 239, Laws of 1924, must be taken and accepted as reading "that section 3786 of the Mississippi Code of 1906, *as amended by section 7, chapter 104, Laws of 1920, be and the same is hereby repealed,*" because section 3786, Code of 1906, as amended by section 7, chapter 104, Laws of 1920, was section 3786, at the time of the enactment of chapter 239, Laws of 1922.

Furthermore, chapter 120, Laws of 1924, (section 3786, Code of 1906), was repealed, as we have seen, by section 1, chapter 239, Laws of 1922, but it was passed to show that section 2, chapter 239, Laws of 1922, should not be construed as making it unlawful to operate the automatic vending machines.

We submit that there is no merit in appellant's brief.

Argued orally by *Jno. B. Brunini,* and *R. C. Canizaro,* for appellee.

Cook, J., delivered the opinion of the court.

The appellant, the sheriff and tax collector of Warren county, instituted suit in the circuit court against the appellee to recover a privilege tax of two hundred fifty dollars on a slot machine, for the year beginning June, 1924, and also one hundred per cent damages, making a total demand of five hundred dollars. The appellee demurred to the declaration on the ground, among others, that it stated no cause of action, and the appellant has appealed from an order sustaining this demurrer and dismissing the suit.

There are several acts of the legislature which shed light upon the question here involved.

Section 3786 of the Code of 1906 imposed a privilege tax of fifty dollars for each county, "on each cane rack, knife rack, artful dodger, ring board, or similar contrivance, by whatever name called, kept or operated for public or private use." It will be noted that this section does not impose a tax upon "slot machines" or "slot vending machines," but chapter 110, Laws of 1914, imposed a small privilege tax on automatic weighing machines and gum slot machines, automatic musical instruments, stamp machines, and all other vending machines.

The legislature of 1920, by section 7 of chapter 104, Laws of 1920, amended section 3786, Code of 1906, section 6486, Hemingway's Code, as follows:

"Sec. 7.    That section 3786 of the Mississippi Code of 1906 be and the same is hereby amended to read as follows:

"3786.   *Cane Racks.*—On each cane rack, knife rack, artful dodger, ring board, or similar contrivance, punch board, or slot machine of any kind, description, or make, whether or not gum, postcards, or other articles are given with each or any number of plays, for each county . . . two hundred fifty dollars. And this shall be in addition to any and all other privilege taxes."

By section 64 of the said chapter 104, Laws of 1924, chapter 110, Laws of 1914, which imposed a small privilege tax on vending machines, was amended so as to increase the tax on each kind of machine therein mentioned.

The legislature of 1922, by chapter 239 of the Laws of 1922, undertook to prohibit the use or operation of all kinds of slot machines; the said chapter reading as follows:

"Section 1.    Be it enacted by the legislature of the state of Mississippi, that section 3786 of the Mississippi Code of 1906, be and the same is hereby repealed.

"Section 2.    It shall be unlawful for any person or persons, firms, copartnerships or corporations, to operate

any cane rack, knife rack, artful dodger, punch board, roll down, merchandise wheel, or slot machine, or similar devices. Any person or persons found guilty of a violation of this section shall be deemed guilty of a misdemeanor and fined any sum not exceeding five hundred dollars, or imprisonment for not exceeding three months.

"Section 3. That all laws and parts of laws in conflict with this act be and the same are hereby repealed and that this act take effect and be in force from and after its passage."

Chapter 339, Laws of 1924, amended chapter 239, Laws of 1922, which prohibited the operation of all slot machines, by adding the proviso, "that this act shall not apply to automatic vending machines which indicate in advance what the purchaser is to receive on each operation of the machine," while by chapter 120, Laws of 1924, section 64, chapter 104, Laws of 1920, was amended so as to again increase the privilege tax on the vending machines therein mentioned and described.

From the foregoing outline of the various statutory enactments on the subject, it will be noted that, by section 7, chapter 104, Laws of 1920, the legislature amended section 3786, Code of 1906, so as to include in its provisions "slot machines," and so as to increase the privilege tax on the various machines and devices therein enumerated to two hundred fifty dollars per annum, but the section as amended was still section 3786 of the Code of 1906. This 1920 amendment of the Code section did not repeal the original section, but it simply enlarged and changed the section so that it should thereafter read as therein set out. The Code section retained its identity as section 3786, and when, by section 1, chapter 239, Laws of 1922, it was expressly provided "that section 3786 of the Mississippi Code of 1906, be and the same is hereby repealed," this necessarily repealed the section as amended and as it then existed. Since the repeal of section 3786 as amended, there has been no law imposing a privilege tax of two hundred fifty dollars on slot machines and similar devices, and consequently this

suit cannot be maintained. By the enactment of the said chapter 239, Laws of 1922, it was made unlawful for any person, firm, or corporation to operate any cane rack, knife rack, artful dodger, punch board, roll down, merchandise wheel, or slot machine or similar device, and while it has been held by this court that the legislature has the power to impose a tax upon a business made unlawful by another statute, the intention so to do will not be imputed to it unless the language of the statute clearly requires such a construction.

The judgment of the court below will be affirmed.

*Affirmed.*